J-A15015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF ISAIAH GEIGER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EDWARD BREWINGTON, | |
| Appellee | No. 3073 EDA 2014 |

APPEAL OF: VIVIAN GEIGER

Appeal from the Order Entered September 5, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 3592 November Term, 2011

BEFORE:  BOWES, MUNDY, AND FITZGERALD* JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED MAY 13, 2015**

Vivian Geiger appeals from the September 5, 2014 order denying her request to reinstate this lawsuit.  Appellant's brief violates virtually every rule of appellate procedure applicable to briefs, and we cannot engage in effective appellate review.  Hence, we dismiss this appeal.

This case arose as an action to quiet title wherein Appellant claimed that Appellee Edward Brewington fraudulently forced her father to transfer title to real estate into Appellee's name.  The matter was scheduled for trial on January 30, 2014, when Appellant's counsel discontinued the action

---

* Former Justice specially assigned to the Superior Court.

without prejudice.[1]  On July 14, 2014, Appellant filed motions to reinstate the case and disqualify counsel.  Those motions were denied, and this appeal followed.

Appellant's brief fails to contain a recitation of the facts, a delineation of the issues raised, an outline of the procedural history, a cogent discussion of any contention, and any citation to legal authority.  The entirety of Appellant's brief reads: "I am asking the court to allow me to pursue case on my own, the attorney Nicholas Clemente withdrew case without my permission."  Appellant's brief at (unnumbered page) 1.  As we noted in *In re Estate of Whitley*, 50 A.3d 203, 209-10 (Pa.Super. 2012) (citations omitted):

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities.  This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.  Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*See also In re S.T.S., Jr.*, 76 A.3d 24, 42 (Pa.Super. 2013) (citation omitted) (noting that "mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter"); Pa.R.A.P. 2119(a) (argument portion of brief must contain discussion and citation to pertinent authorities).  Indeed, Appellant's brief is so defective

---

[1] According to the trial court, Appellant was present at the January 30, 2014 proceeding.

that it precludes us from engaging in effective appellate review. ***In re R.D.***, 44 A.3d 657, 674 (Pa.Super. 2012) (holding that "when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived").  The fact that Appellant is *pro se* does not relieve her of the responsibility to comply with the rules of appellate procedure. ***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa.Super. 2010) (noting that "*pro se* status confers no special benefit upon the appellant").  Hence, the appeal is dismissed.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2015