J-A21021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES D. KELLER | |
| Appellant | No. 360 EDA 2015 |

Appeal from the Judgment of Sentence January 8, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-SA-0000622-2014

BEFORE: ALLEN, J., MUNDY, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED JULY 09, 2015**

Appellant, James D. Keller, appeals from the January 8, 2015 judgment of sentence of a $300.00 fine, imposed after he was found guilty of one count of harassment as a summary offense.[1] After careful review, we dismiss this appeal.

Generally, appellate briefs are required to conform to the Rules of Appellate Procedure. **See** Pa.R.A.P. 2101. "This Court may … dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709(a)(3).

2011). Further, while this Court will construe *pro se* materials liberally, "*pro se* status confers no special benefit on an appellant." ***Id.*** at 1211-1212.

In this case, Appellant's brief is woefully deficient. At the outset, we note that Appellant's brief does not contain a statement of jurisdiction, a copy of the order in question, a statement of the questions presented, a summary of the argument, or a conclusion stating the relief sought, all of which are required by the Rules of Appellate Procedure. ***See generally*** Pa.R.A.P. 2111(a)(1), 2114, 2115, 2116, 2118. In addition, we note that Appellant's brief contains no citation to any legal authority. ***See id.*** at 2119(a) (stating, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent[]). This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue. ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, ***Johnson v. Pennsylvania***, 562 U.S. 906 (2010); ***see also, e.g.***, ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) (stating, "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal[]") (citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

Based on the foregoing, we conclude the defects in Appellant's brief are substantial and preclude this Court from engaging in meaningful

appellate review. Accordingly, we elect to exercise our discretion pursuant to Rule 2101, and dismiss this appeal.[2]

Appeal dismissed. Case stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2015

---

[2] We also note the trial court deemed all of Appellant's issues waived due to the vagueness of his concise statement of errors complained of on appeal, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Trial Court Opinion, 3/26/15, at 2. Therefore, even if Appellant's brief were compliant, we would affirm on the basis of waiver for failure to comply with Rule 1925(b).