J-A30009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RAHEEM MUHAMMAD<br><br>Appellant<br><br>v.<br><br>DAVID A. NORRIS; CARL HOFFIELD; DAVID CURLEY; RAYMOND URBASH; D AND D AUTO SALVAGE YARDS; TROY HILL GARAGE; ALL FOREIGN AUTO PARTS; WEST PENN MOTOR CLUB; AAA OF PHILADELPHIA, PENNSYLVANIA; AUTOMOBILE ASSOCIATION OF AMERICA; PENNSYLVANIA DEPARTMENT OF TRANSPORTATION AND THE COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br>No. 1660 WDA 2014 |

Appeal from the Judgment Entered August 24, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR 14-000711

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:          **FILED OCTOBER 14, 2015**

Appellant, Raheem Muhammad, appeals *pro se* from the August 24, 2014 judgment entered in favor of Appellees David A. Norris, Carl Hoffield, David Curley, Raymond Urbash, D and D Auto Salvage Yards, Troy Hill Garage, All Foreign Auto Parts, West Penn Motor Club, AAA of Philadelphia, Pennsylvania Automobile Association of America, the Pennsylvania

---

[*] Former Justice specially assigned to the Superior Court.

Department of Transportation, and the Commonwealth. After careful review, we dismiss this appeal.

Generally, appellate briefs are required to conform to the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. "This Court may … dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011). Generally, this Court will construe *pro se* materials liberally, but "*pro se* status confers no special benefit on an appellant." *Id.* at 1211-1212 (citation omitted).

In this case, the argument section of Appellant's brief is five pages mostly of references to the reproduced record and bald conclusions that are all bolded, underlined, and in all capital letters. *See generally* Appellant's Brief 11-15. We note that Appellant has included one block quote to Pennsylvania Rule of Civil Procedure 400 with a one-sentence conclusion, but without any development or argument as to why the trial court erred in this particular case. It is axiomatic that this Court will not consider issues where the appellant has not developed the issue in any meaningful way.[1] *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012), *appeal denied*,

---

[1] Although Appellant also has a block quote to Pennsylvania Code of Judicial Conduct Canon 3(C), it is axiomatic the judicial canons do not have the force of law. *Reilly v. Se. Pa. Transp. Auth.*, 489 A.2d 1291, 1298 (Pa. 1985).

69 A.3d 603 (Pa. 2013). Furthermore, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011).

Based on the foregoing, we conclude the defects in Appellant's brief are substantial and preclude this Court from conducting any meaningful appellate review. Accordingly, we elect to exercise our discretion pursuant to Rule 2101 and dismiss this appeal.[2]

Appeal dismissed. Case stricken from argument list. Application for relief denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015

---

[2] In light of our disposition, we deny Appellant's application for relief filed October 8, 2015 as moot.