**ESTATE OF D. Mason WHITLEY, Jr., Deceased.**

**Appeal of Barbara Hulme, D. Mason Whitley III and Eugene J. Whitley.**

**No. 2798 EDA 2011.**

Superior Court of Pennsylvania.

Argued June 26, 2012.

Filed Aug. 1, 2012.

Robert Bailey, Jr., Fairless Hills, for appellants.

R. Leonard Davis, III, Doylestown, for appellee.

BEFORE: GANTMAN, J., PANELLA, J., and FITZGERALD, J.*

OPINION BY GANTMAN, J.:

Appellants, Barbara Hulme, D. Mason Whitley III, and Eugene J. Whitley, appeal from the order entered in the Bucks County Court of Common Pleas, Orphans' Court, which denied Appellants' exceptions to the adjudication confirming the first and final accounting of the estate of D. Mason Whitley, Jr. ("Decedent") and made final the court's previous award of professional fees to Appellee, John T. Whitley, the executor of Decedent's estate ("Executor"). Appellants ask us to determine whether the Orphans' Court erred when it denied their challenge to the validity of Decedent's will, that they initially raised via objections to the first and final accounting, because the court found the exclusive method to challenge the validity of a will is through an appeal from probate. Appellants also ask us to determine whether the court erroneously awarded Executor professional fees (paid by the estate) to defend the will contest. We hold the Orphans' Court properly denied Appellants' exceptions to the adjudication confirming the first and final accounting, in the nature of a will contest, for lack of jurisdiction because Appellants did not initiate their will contest via an appeal from probate. We further hold Appellants waived their challenge to the court's award of additional professional fees to be paid from the estate on behalf of Executor, related to his defense against the improper will contest. Accordingly, we affirm.

The relevant facts and procedural history of this case are as follows. Decedent was the father of Appellants and Executor. Decedent died on September 16, 2008, leaving a will dated December 19, 2007. The will named Executor and also provided for specific and residuary gifts to all four children. Executor submitted the will for probate to the Register of Wills of Bucks County on September 24, 2008, and received duly issued Letters Testamentary dated September 26, 2008. As the administrator of the estate, Executor performed his duties to settle the estate. Because all of the siblings refused to sign a family estate settlement agreement, Executor prepared a first and final accounting and a petition for court adjudication. The Orphans' Court opinion continues:

On June 3, 2009, [Executor] filed a First and Final Accounting of the Estate of [Decedent], with the [c]ourt. Said accounting was presented to the [c]ourt for audit on July [6], 2009. Appellants appeared at the audit, without counsel, and indicated that they wished to object to the accounting. The [c]ourt granted Appellants a period of 10 days to consult with counsel and file any objections to the accounting. Thereafter, Appellants retained counsel and filed Objections to the accounting on July 16, 2009. The Objections sought to set aside Decedent's will alleging that it was the product of undue influence on the part of Executor. On November 6, 2009, Exec-

* Former Justice specially assigned to the Superior Court.

utor filed a Motion to Strike Appellants' Objections asserting that they were an improper method to challenge the validity of the will. On April 15, 2010, by way of Order, we granted Executor's Motion and dismissed Appellants' Objections. On April [23], 2010, Appellants filed a pleading titled "Exceptions to Adjudication." No ruling was issued on the Exceptions, however, as they were premature in that [the court] had not yet issued an Adjudication in this matter. On August 2, 2010, Executor filed a Petition for Award of Professional Fees Related to Objections to Accounting. A hearing was held before the [court] on March 21, 2011. On March 23, 2011, by way of Decree, we granted Executor's Petition and awarded the professional fees requested.

On August 3, 2010, Executor filed a Petition for Adjudication. On April 15, 2011, we issued an Adjudication confirming the accounting and directing that Executor distribute the Estate as requested. On May 9, 2011, Appellants filed Exceptions to Adjudication. On May 16, 2011, Executor filed a Motion to Strike Appellants' Exceptions on the basis that they were untimely. Following the submission of briefs and after oral argument held on the record, we issued an Order denying Executor's Motion to Strike Exceptions on August 1, 2011. In doing so, we chose to address said Exceptions in the interest of justice, despite their untimely filing, due to the fact that Executor and his counsel had prior notice of Appellants' intention to file Exceptions in this matter. We denied Appellants' Exceptions on September 20, 2011, and found that objections to an accounting were not the proper method to challenge the validity of a will. Thereafter, Appellants filed a Notice of Appeal to the Superior Court on October 19, 2011.

(Orphans' Court Opinion, filed December 9, 2011, at 1–2). On October 20, 2011, the court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellants timely filed on November 9, 2011.

Appellants raise two issues for our review:

WHETHER [APPELLANTS'] CHALLENGE TO A WILL BASED UPON UNDUE INFLUENCE, RAISED IN AN OBJECTION TO A FIRST AND FINAL ACCOUNT, IS PROPERLY STRICKEN BECAUSE AN APPEAL FROM PROBATE PURSUANT TO 20 Pa.C.S.A. § 908(A) IS THE EXCLUSIVE METHOD FOR CONTESTING THE VALIDITY OF A WILL, WHATEVER THE BASIS FOR CONTESTING THAT WILL[?]

WHETHER AN AWARD OF ADDITIONAL PROFESSIONAL FEES IS PROPERLY GRANTED WHEN THE SOLE BASIS FOR THE REQUEST OF ADDITIONAL PROFESSIONAL FEES IS THE FILING OF OBJECTIONS TO AN EXECUTOR'S FIRST AND FINAL ACCOUNT[?]

(Appellants' Brief at 3).

Our standard and scope of review are as follows:

Our standard of review of the findings of an [O]rphans' [C]ourt is deferential.

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

However, we are not constrained to give the same deference to any resulting legal conclusions.

*In re Estate of Harrison,* 745 A.2d 676, 678–79 (Pa.Super.2000), *appeal denied,* 563 Pa. 646, 758 A.2d 1200 (2000) (internal citations and quotation marks omitted). "[T]he Orphans' [C]ourt decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Luongo,* 823 A.2d 942, 951 (Pa.Super.2003), *appeal denied,* 577 Pa. 722, 847 A.2d 1287 (2003).

■ In their first issue, Appellants concede that they challenged the validity of the will by way of objections to the Executor's first and final accounting, which was technically not a direct appeal from probate as contemplated in Section 908(a) of the Probate, Estates, and Fiduciaries ("PEF") Code. Appellants, however, argue that a Section 908(a) direct appeal is not the only way to challenge the validity of a will based upon "extrinsic considerations" such as a claim of undue influence. Appellants take the position that their objections to the first and final accounting were sufficient to invoke the jurisdiction of the Orphans' Court to decide their will contest. Appellants contend the case was no longer a matter of the Register of Wills' jurisdiction, and it would have been a waste of judicial resources to require Appellants to file a separate appeal, when Appellants were already before the Orphans' Court and had filed their objections within one year of probate. Appellants maintain the case law requiring an appeal from probate is outdated, and the filing of objections to the first and final accounting was enough to put all interested parties on notice of Appellants' claims. Appellants insist the Orphans' Court rules permit the court to disregard any error or defect of procedure that does not affect the substantive rights of the parties in interest. Appellants suggest the Orphans' Court should have overlooked their alleged "procedural" error because it did not affect Executor's rights. Appellants conclude the Orphans' Court erred when it denied their exceptions in the nature of a will contest, and this Court must reverse.[1]

In response, Executor argues an appeal from probate is the exclusive method to challenge the validity of a will, and the Orphans' Court lacked jurisdiction to hear Appellants' will contest except upon an appeal from the Register of Wills' probate of the will. Executor submits Appellants' challenge to probate *via* objections to the first and final accounting constitutes a collateral attack on the will in another proceeding. Executor contends Appellants' objection to the accounting is not equivalent to an appeal from probate because an objection at the accounting stage concerns only the distribution of assets and presumes the validity of the will. Executor concludes the Orphans' Court properly denied Appellants' exceptions to the adjudication confirming the first and final accounting as an improper collateral attack

1. We reject Appellants' reliance on *In re Chiara's Estate,* 467 Pa. 586, 359 A.2d 756 (1976), *aff'd,* 478 Pa. 630, 387 A.2d 666 (1978), which stands for the proposition that the Orphans' Court rules of procedure should be liberally construed to ensure the just, speedy, and inexpensive determination of every action or proceeding **where they are applicable.** That case is inapposite here, because the present case deals with Appellants' noncompliance with the PEF code (affecting the jurisdiction of the Orphans' Court), not with the Orphans' Court rules of procedure. Further, Appellants cite no authority to support their suggestion that this Court should ignore the well-settled principles surrounding appeals from probate simply because the law in that area is relatively aged, or as Appellants state—"outdated."

on the validity of the will, and this Court should affirm. We agree.[2]

Section 908(a) of the PEF Code provides:

### § 908. Appeals

(a) **When allowed.**—Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months.

20 Pa.C.S.A. § 908(a). A related section of the PEF Code provides:

### § 3133. Limit of time for probate

\*　　　\*　　　\*

(b) **Conclusiveness of original probate.**—The probate of a will shall be conclusive as to all property, real or personal, devised or bequeathed by it, unless an appeal shall be taken from probate as provided in section 908 of this code (relating to appeals), or the probate record shall have been amended as authorized by section 3138 of this code (relating to later will or codicil).

20 Pa.C.S.A. § 3133(b).

 When a will is admitted to probate, the legal presumption arises that the will is a last will and is the free and voluntary expression of a testator. *Bunce*

v. *Galbrath.*, 268 Pa. 389, 392, 112 A. 143, 144 (1920).

> Such probate is conclusive as to all questions and disputes touching the will as fall within the jurisdiction of the register, as for instance, questions of fraud in the procurement of the will, whether by undue influence, restraint, or duress of any kind.

*Id.* "When a will has been admitted to probate, its validity has been judicially decided, and it can be set aside **only by an appeal, being unimpeachable in any other proceeding.**" *In re Hickman's Estate,* 308 Pa. 230, 235, 162 A. 168, 170 (1932) (emphasis added). Only an appeal from the decree of probate can properly bring the validity of the will within the jurisdiction of the Orphans' Court. *In re Miller's Estate,* 166 Pa. 97, 31 A. 58 (1895). Any attempt to contest a will except by means of an appeal from probate constitutes an impermissible collateral attack on the will. *Bunce, supra.*

Instantly, Appellants originally challenged the validity of the will *via* objections to the first and final accounting, rather than by an appeal from probate of the will by the Register of Wills. *See In re Hickman's Estate, supra.* Appellants' challenge to the validity of the will through objections to the first and final accounting constituted an impermissible impeachment of the will in an another proceeding or a collateral attack on the will. *See id. See also Zeigler v. Storey,* 220 Pa. 471, 69 A. 894 (1908) (stating action of Register cannot be attacked or avoided in collateral proceeding). Only an appeal from probate

---

**2.** Executor also argues Appellants Barbara Hulme and Mason Whitley, III are estopped from challenging the validity of the will, where they executed a Family Estate Settlement Agreement to hold harmless and indemnify Executor for matters related to Executor's administration of the estate; and

Appellant Eugene Whitley is estopped from challenging the validity of the will, where he accepted substantial benefits under the will, which he has not returned to the estate. Due to our disposition, we need not consider Executor's estoppel argument.

could bring the issue of the will's validity within the jurisdiction of the Orphans' Court. *See In re Miller's Estate, supra;* 20 Pa.C.S.A. § 908(a). Consequently, the Orphans' Court properly denied Appellants' will contest for want of jurisdiction, and Appellants' first issue on appeal merits no relief.

 In their second issue, Appellants concede that Executor's counsel performed additional services as a result of Appellants' will challenge. Appellants, however, argue the court improperly awarded Executor professional fees to be **paid from the estate** to defend the will contest, where Appellants' challenge was to the validity of the will. Appellants conclude the Orphans' Court erred in awarding Executor professional fees to be paid from the estate, and this Court must reverse the award of fees.[3]

In response, Executor argues Appellants have no legal basis for contesting the award of fees and costs, where Appellants conceded the services rendered were reasonable in scope and amount and Executor actually incurred those fees. Executor concludes the Orphans' Court award of professional fees to be paid from the estate on behalf of Executor (related to his defense to Appellants' will contest) was appropriate, and this Court must affirm. We agree.

Preliminarily, we observe Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides:

**Rule 2119. Argument**

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Additionally, Rule 2101 makes clear:

**Rule 2101. Conformance with Requirements**

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

 "The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities." *Estate of Lakatosh,* 441 Pa.Super. 133, 656 A.2d 1378, 1381 (1995). "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." *Iron Age Corp. v. Dvorak,* 880 A.2d 657, 665 (Pa.Super.2005). Failure to cite relevant legal authority constitutes waiver of the claim on appeal. *Eichman v. McKeon,* 824 A.2d

---

**3.** At the hearing on professional fees on March 21, 2011, Appellants expressly stated they were not contesting the **amount** of fees. Rather, Appellants argued that to the extent they might prevail on their first issue on appeal, they then challenged that the award of fees would be **paid from the estate.** We also observe Appellants state inaccurately in their appellate brief that the court awarded fees of more than $52,000.00, suggesting all the $52,000.00 was solely related to the will contest. The certified record makes clear the court awarded $21,950.09 in professional fees regarding the will contest; the total award of over $52,000.00 **included** other costs and fees incurred in the full administration of the estate, which was extended more than another year due to Appellants' dispute. (*See* Decree, filed 3/23/11, at 1.)

305 (Pa.Super.2003), *appeal denied*, 576 Pa. 712, 839 A.2d 352 (2003).

Instantly, Appellants failed to cite **any** legal authority to support their single-paragraph argument on this issue. Appellants' failure in this respect waives the issue for purposes of review. *See Iron Age Corp., supra; Eichman, supra;* Pa. R.A.P. 2101; 2119(a).

Moreover, the court addressed Appellants' fee complaint as follows:

> In the present case ... we found that, procedurally, a proper Will contest was not initiated. Due to the procedural impropriety of the alleged Will contest, we found that it was proper for Executor to charge the Estate for post-audit professional fees that were incurred. Furthermore, during oral argument ... Appellants did not object to the amount of the fees charged, which [the court] ultimately found to be reasonable.

(Orphans' Court Opinion at 5). We see no reason to upset the court's award of additional professional fees under these circumstances.

Based upon the foregoing, we hold the Orphans' Court properly denied Appellants' exceptions to the adjudication confirming the first and final accounting, in the nature of a will contest, for lack of jurisdiction because Appellants did not initiate their will contest *via* an appeal from probate. We further hold Appellants waived their challenge to the court's award of additional professional fees to be paid from the estate on behalf of Executor, related to his defense against the improper will contest. Accordingly, we affirm.

Order affirmed.