J. S69026/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.B., MINOR CHILD | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: K.B., MINOR CHILD | : : | |
| Appellant | : | No. 1617 EDA 2014 |

Appeal from the Order Entered, April 25, 2014,
in the Court of Common Pleas of Philadelphia County
Family Court Division at No. CP-51-DP-0086917-2004

| | | |
|---|---|---|
| IN THE INTEREST OF: Q.B., MINOR CHILD | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: Q.B., MINOR CHILD | : : | |
| Appellant | : | No. 1618 EDA 2014 |

Appeal from the Order Entered, April 25, 2014,
in the Court of Common Pleas of Philadelphia County
Family Court Division at No. CP-51-DP-0086923-2004

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 03, 2014**

In this dependency matter, K.B. (born in 2000) and Q.B. (born in 2004), minor children ("the Children"), appeal the order of the Court of Common Pleas of Philadelphia permitting them to remain in the custody of K.B. ("Mother").[1]  We affirm.

_____

[1] By order dated June 17, 2014, these cases were consolidated **_sua sponte_**.

The Philadelphia Department of Human Services ("DHS") first became involved in this matter when Q.B. was born by filing a petition with the court. Following adjudicatory hearings on September 8, 2004, December 7, 2004, and April 8, 2005, the Honorable Charles J. Cunningham determined the Children were not dependent. The parties agreed that the family would receive services from Progressions and they were monitored by Clinical Behavioral Health ("CBH"). Mother and the Children continued to receive services for the next ten years.

On January 24, 2014, DHS received a General Protective Services ("GPS") Report alleging Mother's inappropriate discipline and behavior towards the Children. The report was substantiated on January 27, 2014; and on April 5, 2014, DHS visited Mother's home and subsequently reopened the case. A dependency petition was filed on April 10, 2014. An adjudicatory hearing was held on April 25, 2014 before the Honorable Allan L. Tereshko. At the conclusion of the hearing, Judge Tereshko determined the Children were dependent but denied the child advocate's request that the Children be placed outside Mother's home. This appeal followed.[2]

---

[2]In its Rule 1925(a) opinion, the trial court questions the timeliness of this appeal. The subject order was entered on April 25, 2014. Thirty days from the date of the trial court's order was May 25, 2014, a Sunday. Monday, May 26, 2014, was Memorial Day, a court holiday. The appeal was filed on May 27, 2014, the day after Memorial Day. Therefore, the appeal is timely. *See* 1 Pa.C.S.A. §1908.

The sole issue raised for our consideration is whether the trial court erred by permitting the Children to remain in the custody of their Mother. (Children's brief at 4.)

This court's standard and scope of review from an order in a dependency case are well settled.

> We must accept the facts as found by the trial court unless they are not supported by the record. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate. We review for abuse of discretion. Our scope of review, accordingly, is of the broadest possible nature. It is this Court's responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record. Nevertheless, we accord great weight to the court's fact-finding function because the court is in the best position to observe and rule on the credibility of the parties and witnesses.

*A.N. v. A.N.*, 39 A.3d 326, 330 (Pa.Super. 2012).

DHS contends the Children have waived their claim for review as their brief fails to present any legal argument for their assertion that the trial court erred in permitting them to remain in Mother's custody. We agree with DHS, and we conclude that the Children have waived their claim for failure to support their argument with citations to relevant legal authorities. *See* Pa.R.A.P. 2119(a).

"The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), quoting *Estate of Lakatosh*, 656 A.2d 1378, 1381 (Pa.Super. 1995). "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." *Id.*, quoting *Iron Age Corp. v. Dvorak*, 880 A.2d 657, 665 (Pa. Super. 2005). "Failure to cite relevant legal authority constitutes waiver of the claim on appeal." *Id.*; *see* Pa.R.A.P. 2119(a).

The Children's argument section of their brief amounts to a series of factual assertions void of citation to any case law with pertinent legal discussion and analysis of those facts, relevant circumstances, and the applicable legal standards. No legal argument has been presented; hence, we are constrained to find their claim waived.

J. S69026/14

Order affirmed.[3]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014

---

[3] Our appellate rules mandate our determination that the Children's issue is waived. However, in reviewing this matter, it is clear to this court that the trial court carefully reviewed the evidence which revealed Mother has provided an appropriate home for the Children; the Children appear safe in the home, and their needs are being met; Mother has provided separate beds for the Children, and the Children did not appear fearful of Mother. (Trial court opinion, 6/27/14 at 5.) The court was also aware that the current services the Children are receiving have not resulted in any progress, and that the family needs a more high-intensive family-based service. (*Id.*) The trial court noted it needed to assess and evaluate the effect removal from Mother's home will have on the Children. (*Id.*) The trial court noted it needed to evaluate the Children's psychology before making any significant decisions in their lives, and ordered In-Home Protective Services as well as three pop-up visits before the next court listing. (*Id.* at 5-6.) As our supreme court stated in **In Re R.J.T.**, 9 A.3d 1179 (Pa. 2010),

> [W]e are not in a position to make the close calls based on fact-specific determinations. Not only are our trial judges observing the parties during the hearing, but usually, as in this case, they have presided over several other hearings with the same parties and have a longitudinal understanding of the case and the best interests of the individual child involved. . . . Even if an appellate court would have made a different conclusion based on the cold record, we are not in a position to reweigh the evidence and the credibility determinations of the trial court.

- 5 -

J. S69026/14

_____

***Id.*** at 1190.