J-A01036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL MICHALCZIK, GARY MICHALCZIK, ED MICHALCZIK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ESTATE OF ROSE HOEHN, | |
| Appellee | No. 685 WDA 2014 |

Appeal from the Order entered March 13, 2014,
in the Court of Common Pleas of Erie County,
Orphans' Court, at No(s): 297-2012

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN:                    **FILED DECEMBER 17, 2014**

Michael, Gary, and Ed Michalczik, ("Appellants"), appeal from the trial court's order denying their petition to invalidate the last will and testament of their deceased aunt, Rose Hoehn, which was filed by the Estate of Rose Hoehn, ("Estate").  We find that Appellants' issues are waived due to their defective appellate brief, and thus affirm the trial court's order.

The trial court presented the following factual and procedural background relative to this action:

> On July 6, 2012, Marlene Gresh Schroeck filed a Petition for Probate and Grant of Letters offering for probate an October 2, 2010 Last Will and Testament of decedent Rose Hoehn, date of death June 21, 2012.  By a July 6, 2012 Decree of the Register [of Wills], Letters Testamentary were granted to Marlene Gresh Schroeck[,] and the October 2, 2010 Last Will and Testament was admitted to probate and filed of record as decedent's Last Will.  [FN1:  On January 16, 2013, Marlene [Gresh] Schroeck filed a Resignation, resigning as Executrix of

the Estate. The Register of Wills, on February 7, 2013, issued a Certificate of Grant of [Letters] [to Charles F. Gresh] designating Charles F. Gresh as the Administrator D.B.N.C.T.A. [of the Estate]. The February 7, 2013 [Certificate of Grant of Letters] did not change the [October 2, 2010] instrument admitted to probate.]

More than one and one-half years later, on February 6, 2014, [Appellants] filed their Petition to Invalidate [the Last Will and Testament of Rose Hoehn]. The Petition to Invalidate alleges that decedent lacked testamentary capacity and that she was the subject of undue influence and fraud. All allegations relate to the undue influence of Marlene Gresh Schroeck over the decedent. Following a March 13, 2014 hearing, this Court issued its order of the same date denying said Petition.

Trial Court Opinion, 5/30/14, at 1. On April 11, 2014, Appellants filed their notice of appeal. The trial court and Appellants complied with Pa.R.A.P. 1925.

Appellants present the following issues for our review:

1. Is the Petition to Invalidate the Last Will and Testament of Rose Hoehn time barred pursuant to Section 908 of the Probate, Estates and Fiduciaries Code?

2. Whether the Petition to Invalidate the Last Will and Testament of Rose Hoehn should be denied as time barred?

3. Have the Appellants produced unrefutable [sic] evidence concerning the fraudulent acts committed by the Executors/Power of Attorneys?

4. Have the Executors used their position to practice fraud upon the Register of Wills by filing an Estate depleted of value and using the Will itself as the document to validate their illegal acts?

Appellants' Brief at 6.

Appellants' issues challenge the trial court's application of "Section 908 of the Probate, Estates and Fiduciaries Code" to deny as time-barred

Appellants' petition to invalidate the decedent's last will and testament. **See**

**id.** "Statutory interpretation 'is a question of law and, as such, our standard

of review is *de novo* and our scope of review is plenary.'" **J.C.B. v.**

**Pennsylvania State Police,** 35 A.3d 792, 794 (Pa. Super. 2012) (internal

citation omitted). However, after careful review of Appellants' woefully

inadequate brief, we find that Appellants' issues are waived and we decline

to reach them.

In finding that an appellant's issues had been waived for appellate

review:

> [W]e observe Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides:
>
> **Rule 2119**. Argument
>
> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> Pa.R.A.P. 2119(a). Additionally, Rule 2101 makes clear:
>
> **Rule 2101**. Conformance with Requirements
>
> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.
>
> Pa.R.A.P. 2101.
>
> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with

discussion and citation of pertinent authorities." *Estate of Lakatosh,* 441 Pa.Super. 133, 656 A.2d 1378, 1381 (1995). "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." *Iron Age Corp. v. Dvorak,* 880 A.2d 657, 665 (Pa.Super.2005). Failure to cite relevant legal authority constitutes waiver of the claim on appeal. *Eichman v. McKeon,* 824 A.2d 305 (Pa.Super.2003), *appeal denied,* 576 Pa. 712, 839 A.2d 352 (2003).

Instantly, Appellants failed to cite **any** legal authority to support their single-paragraph argument on this issue. Appellants' failure in this respect waives the issue for purposes of review. *See Iron Age Corp., supra; Eichman, supra;* Pa.R.A.P. 2101; 2119(a).

*In re Estate of Whitley,* 50 A.3d 203, 209-210 (Pa. Super. 2012) (emphasis in original).

Here, in cursory fashion, Appellant's address their four issues in three (3) pages and three (3) lines of argument. **See** Appellants' Brief at 11-14. Appellants' argument does not contain a _single_ citation to any legal authority or case law. **See id.** Indeed, Appellants' brief does not include a table of citations or authorities. Appellants' failure to set forth any jurisprudence in furtherance of their arguments violates our rules of appellate procedure and effects waiver of their claims. **See Whitley, supra,** at 209-210; **see also Commonwealth v. Fransen,** 42 A.3d 1100, 1116 (Pa. Super. 2012).

Order affirmed. Case struck from the January 7, 2015 argument list. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/2014