J-S36003-16
J-S36004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TIM E. HOLZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| G. REESE, LT. SCALPONE, DAVID J. EBBERT, J.L. NORWOOD, D. COOMBE, T. DEDRICK | |
| Appellees | No. 2000 MDA 2015 |

Appeal from the Order Entered September 17, 2015
In the Court of Common Pleas of Union County
Civil Division at No(s): 15-538

| | |
|---|---|
| TIM E. HOLZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| J.L. NORWOOD, D.J. EBBERT, SUSAN HEATH, D. WILSON, T. BUTLER, SUE STOVER, MR. HENDRICKSON, R. BINGAMAN AND D. LANGTON | |
| Appellees | No. 2225 MDA 2015 |

Appeal from the Order Entered November 4, 2015
In the Court of Common Pleas of Union County
Civil Division at No(s): 15-607

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 18, 2016**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, Tim E. Holz, appeals[1] *pro se* from the September 17 and November 4, 2015 orders, *sua sponte* dismissing his complaints with prejudice filed against Appellees, various federal prison officials, for want of subject matter jurisdiction.[2]  After careful review, we affirm.

We summarize the brief procedural history of these cases as follows. On September 12, 2015, Appellant, a prisoner at the federal prison in Lewisburg, Pennsylvania, filed a complaint at docket number 15-538, alleging that the defendants violated his constitutional rights as well as "the Pa[.] Tort Statute's [sic] for intentional [t]ort."  Appellant's Complaint, 9/12/15, at 4-5.  On September 17, 2015, the trial court *sua sponte* dismissed Appellant's entire complaint for want of subject matter jurisdiction.  On October 8, 2015, Appellant filed a timely notice of appeal.

On October 6, 2015, Appellant filed another complaint at docket number 15-607, accusing federal officials of using undercover agents to abuse, assault, stab, and conspire to murder him.  Appellant's Complaint, 10/6/15, at 3, 13-14.  On November 4, 2015, the trial court *sua sponte* dismissed Appellant's entire complaint for want of subject matter

---

[1] This Court hereby consolidates these two appeals *sua sponte*.  **See** Pa.R.A.P. 513 (stating, "[w]here there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal[]").

[2] None of the Appellees have filed a brief in this matter.

jurisdiction. On November 24, 2015, Appellant filed a timely notice of appeal.[3]

In his briefs, Appellant raises the following issues for our review.

> (1) Does the [trial court] have sovereign/supreme jurisdiction over a federal prison pursuant to … Appellant … asserting jurisdiction in a complaint/lawsuit against [f]ederal [p]rison staff/officials pursuant [to] the United States Constitution, and the Pennsylvania Tort Statutes?

Appellant's Brief, 2000 MDA 2015, at 5.

> (1) [D]oes the [trial] court have subject matter jurisdiction of this complaint against [f]ederal prison staff asserting the [Pennsylvania] Tort Statute's [sic] and U.S. Constitution as primary authorities/jurisdiction?
>
> (2) Is the complaint a summary pursuant to [Pennsylvania Rule of Civil Procedure] 1019([a])?
>
> (3) Should this action have been dismissed with prejudice?

Appellant's Brief, 2225 MDA 2015, at 5 (internal quotation marks omitted).

Essentially, Appellant challenges the trial court's conclusions that it

---

[3] Appellant filed concise statements of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) as part of his notices of appeal, although the trial court did not direct him to do so. The trial court has filed Rule 1925(a) opinions for both appeals.

lacked subject matter jurisdiction over both complaints.[4] The trial court concluded that only the federal courts had subject matter jurisdiction. Trial Court Opinion, 2000 MDA 2015, 11/5/15, at 2; Trial Court Opinion, 2225 MDA 2015, 11/5/15, at 2.

"Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." *Silver v. Pinskey*, 981 A.2d 284, 292 (Pa. Super. 2009). Such issues present pure questions of law, for which our standard of review is *de novo* and our scope of review is plenary. *Id.* (citation omitted). Furthermore, "the parties or the court *sua sponte* can raise a challenge to subject matter jurisdiction at any time." *Id.* (citation omitted).

In Appellant's complaint at docket number 15-538, Appellant alleged that he has been forced to live with a cellmate who, in Appellant's words, is "a stone cold homosexual[.]" Appellant's Complaint, 9/12/15, at 2. In addition, Appellant alleges that prison officials prevented him from eating

---

[4] We note that Appellant's briefs are woefully lacking in development. Pennsylvania Rule of Appellate Procedure 2119(a) requires that "[t]he argument shall be divided into as many parts as there are questions to be argued … followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Appellant's arguments on appeal are vague and do not contain citations to any relevant legal sources in support thereof. Therefore, we could find his arguments waived on this basis. *See generally In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (internal quotation marks and citations omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013). However, as we are not ultimately hampered in our ability to resolve Appellant's appeals, we decline to find waiver in this instance.

due to Appellant and another inmate allegedly fighting. *Id.* at 4. Appellant summarizes his complaint at docket number 15-607 as accusing federal officials of using undercover agents to abuse, assault, stab, and conspire to murder him while in the custody of the United States. Appellant's Brief, 2225 MDA 2015, at 6; Appellant's Complaint, 10/6/15, at 3. This complaint refers to the alleged course of conduct as "intentional tort violations" and "manifesting extreme indifference for the value of human life." Appellant's Complaint, 10/6/15, at 3, 13. In addition, the trial court noted that the complaint at 15-607 alleged "tortious conduct by various federal employees[.]" Trial Court Opinion, 2225 MDA 2015, 11/5/15, at 2. Both complaints also alleged that the defendants violated "Pennsylvania Tort Statutes." Appellant's Complaint, 9/12/15, at 5; Appellant's Complaint, 10/6/15, at 13. Appellant repeats these references in his briefs on appeal. Appellant's Brief, 2000 MDA 2015, at 5; Appellant's Brief, 2225 MDA 2015, at 5.

Given these allegations, we conclude that Appellant is bringing tort claims against various federal officers, acting in their capacity as agents of the federal government.[5] Therefore, we conclude that, in spite of

---

[5] The trial court suggests that Appellant's complaint at docket number 15-538 "speak[s] to" a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), in which the Court permitted a cause of action against federal actors for certain violations of federal constitutional rights. Trial Court Opinion, 11/5/15, 2000 MDA 2015, at 2; *Bivens*, *supra*
*(Footnote Continued Next Page)*

Appellant's labeling, his complaints actually sound in the Federal Tort Claims Act (FTCA). The FTCA permits a cause of action for "claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[.]" 28 U.S.C. § 2672.

Because Appellant's complaints state claims under the FTCA, we further conclude that the trial court lacked subject matter jurisdiction over the same. Congress has explicitly restricted FTCA claims to the jurisdiction of the federal courts.

### § 1346. United States as defendant

…

**(b)(1)** Subject to the provisions of [the FTCA], the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have **exclusive jurisdiction** of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or **personal injury** or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

at 392. To the extent Appellant's complaints can be read as attempting to raise a ***Bivens*** claim, he must do so in federal court. ***See generally*** 28 U.S.C. § 1331; Trial Court Opinion, 11/5/15, 2000 MDA 2015, at 2.

scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

…

28 U.S.C. § 1346(b)(1) (emphases added).[6]  Therefore, because Congress has divested it of subject matter jurisdiction, the trial court correctly dismissed Appellant's complaints for want of the same.  Such complaints must be brought in federal court.

Based on the foregoing, we conclude that the trial court properly dismissed Appellant's complaints, as subject matter jurisdiction lies exclusively with the federal courts.  **See Silver**, **supra**.  Accordingly, the trial court's September 17, 2015 and November 4, 2015 orders are affirmed.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2016

---

[6] Although 28 U.S.C. § 2680(h) exempts certain claims for assault, battery and other torts from the reach of the FTCA, Section 2680(h) explicitly states that Section 1346(b) applies to such claims against "investigative or law enforcement officers of the United States Government[.]"  28 U.S.C. § 2680(h).