J-A20023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREGORY A. HAWANCHAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEOPLES NATURAL GAS COMPANY, | : | No. 10 WDA 2018 |
| LLC | : | |

Appeal from the Judgment Entered December 20, 2017
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  1988 OF 2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 12, 2018**

Gregory A. Hawanchak appeals from the judgment, entered in the Court of Common Pleas of Westmoreland County, after the trial court granted a compulsory non-suit in favor of Appellee, Peoples Natural Gas Company, LLC ("PNG").  We affirm.

Hawanchak owned a property located at 413 South Ligonier Street in Derry, Westmoreland County ("Property").  He did not live at the Property, but used it for storage, in particular for an extensive collection of miniature cars and trucks.  On or about February 10, 2016, Hawanchak visited the Property and found the water running.  Water was streaming through the kitchen ceiling, which was sagging.  The floor was wet and his living room ceiling tile was hanging down.  His miniature car collection was "soaking wet"

from the running water. N.T Trial, 11/1/17, at 22. He subsequently discovered that gas service to the Property had been turned off.

On April 25, 2016, Hawanchak filed a complaint against PNG, alleging that it had turned off his gas service without notice and, as a result, his water pipes burst, causing damage to the Property and its contents. Hawanchak subsequently amended his complaint and PNG filed an answer with new matter on November 21, 2016.[1]

A non-jury trial was held on November 1, 2017, after which the court granted PNG's motion for compulsory non-suit, finding that Hawanchak failed to offer sufficient evidence of causation.[2] On November 7, 2017, Hawanchak

---

[1] PNG filed two sets of preliminary objections. The first was not ruled upon and the second was overruled.

[2] Specifically, the Honorable Richard E. McCormick, Jr., found as follows at the conclusion of trial:

THE COURT: You haven't shown causation here. I am going to grant the compulsory nonsuit. There's no specific evidence in this case that shows that the cause of the water leaking in the house was because the pipes froze. I can't assume that from the evidence that you have presented here. I am the finder of fact. You haven't shown me anything in the way of evidence that that's how the water came out of the radiator. In fact, there are pictures here that show somehow or other, the radiator was broken, but I can't conclude from that that the pipes froze and, therefore, caused any sort of damage which then caused the water to come out. It's too large a leap of faith that you wish me to make factually here. You very well could have gotten someone to come in and testify that the cause of the matter was this or that, but you haven't done so. You're simply asking me to guess or to

filed a motion to remove the non-suit, which the trial court denied on December 6, 2017. Hawanchak filed a *praecipe* for the entry of judgment on December 20, 2017, followed the next day by a timely notice of appeal. The trial court did not order Hawanchak to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), nor did it submit a Rule 1925(a) opinion. Rather, on January 9, 2018, the court issued a one-paragraph statement indicating that "the reasons for the Judgment entered in this matter on December 20, 2017 were set amply forth on the record in the official trial transcript by the Honorable Richard E. McCormick, Jr., President Judge." Order, 1/9/18.

On appeal, Hawanchak raises the following issues for our review:

1. Did the [trial] [c]ourt err in refusing to allow [Hawanchak] to testify about the value of the damaged miniature cars and trucks?

2. Did the [trial] [c]ourt err in granting a non-suit?

Brief of Appellant, at 8.

Prior to addressing the merits of Hawanchak's claims, we must determine whether he has sufficiently complied with the Rules of Appellate Procedure. Rule 2119 of the appellate rules provides as follows:

Rule 2119. Argument

---

conjecture from the evidence that's been presented. I am going to grant the compulsory nonsuit.

N.T. Trial, 11/1/17, at 82-82.

(a) General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Additionally, Rule 2101 requires:

Rule 2101. Conformance with Requirements

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.  Finally, this Court has previously noted as follows:

The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. ***Estate of Lakatosh***, [] 656 A.2d 1378, 1381 ([Pa. Super.] 1995).  This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. ***Iron Age Corp. v. Dvorak***, 880 A.2d 657, 665 (Pa. Super. 2005).  Failure to cite relevant legal authority constitutes waiver of the claim on appeal. ***Eichman v. McKeon***, 824 A.2d 305 (Pa. Super. 2003)[.]

***In re Estate of Whitley***, 50 A.3d 203, 209–10 (Pa. Super. 2012) (quotation marks omitted).

In his brief, Hawanchak cites but one case and two rules of evidence, all three of which pertain to his claim regarding the trial court's refusal to allow him to testify as an expert as to valuation.  Hawanchak cites no authority whatsoever in support of his allegation that the trial court erred in granting a non-suit in favor of PNG.  Rather, Hawanchak simply repeats his assertion that "if you turn off the heat to a residence, and do not winterize the property, the

pipes, in this case, the radiators are going to burst." Brief of Appellant, at 12. This bald statement, unsupported by any evidence of record or citation to authority, does not provide this Court with any basis upon which to engage in meaningful appellate review. Accordingly, Hawanchak has waived his claim and we affirm the judgment of the trial court.[3] *Eichman*, *supra*.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2018

---

[3] Because Hawanchak has waived his challenge to the court's finding as to causation, we need not reach Hawanchak's second claim, which goes solely to the issue of damages.