J-A13004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TRUSTS UNDER WILL OF ROBERT L. MONTGOMERY, JR. DECEASED  FOR THE BENEFIT OF H.BEATTY CHADWICK (TRUST NO. 6) AND MARITAL TRUST UNDER WILL OF  ROBERT L. MONTGOMERY, JR., DECEASED, FOR THE BENEFIT OF ELIZABETH B. MONTGOMERY  AS APPOINTED BY THE WILL OF ELIZABETH B. MONTGOMERY, DECEASED FOR THE BENEFIT OF H. BEATTY CHADWICK (TRUST NO. 7) | : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br>No. 3007 EDA 2019 |
| APPEAL OF: H. BEATTY CHADWICK | : | |

Appeal from the Order Entered September 30, 2019
In the Court of Common Pleas of Montgomery County Orphans' Court
Division at No(s):  No. 1977-X0448

BEFORE:  BENDER, P.J.E., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                    Filed: August 13, 2020

H. Beatty Chadwick (Appellant) appeals *pro se* from the orphans' court's adjudication of the 2018 accounts of two trusts created under the will of Robert L. Montgomery, Jr., (Decedent), and the will of Elizabeth B. Montgomery, the deceased wife of Decedent.  Pursuant to the court's adjudication, Appellant's objections were dismissed and the payment of attorney's fees to PNC Bank, N.A. (Trustee/Appellee) was approved.  We affirm.

As noted in a prior decision by this Court, responding to an earlier appeal filed by Appellant, this matter has a "long, torturous, and infamous" history.

*See In re Trusts Under the Will of Montgomery*, 161 A.3d 392 (Pa. Super. 2017) (unpublished memorandum). The terms of the trusts provided that Appellant was to be the lifetime beneficiary of the trusts and that after Appellant's death, the principal of each trust was to be distributed to various charities. Specifically, with regard to the amount of the payment due Appellant, he was to receive a percentage of the lesser of the net income of the trust or a stated percentage of the fair market value of the principal of the trust.

The present appeal arises from the filing of the fifth accounting of trust #6 and the third accounting of trust #7. As part of the petitions for adjudication of the accounts, Appellee requested the payment of attorney's fees in the amount of $447,635.40 to cover the costs incurred by it, which were expended to defend itself against Appellant's claims, both past and present. Following the filing of these petitions, Appellant filed objections alleging Appellee breached its fiduciary duties relating to the investment of the trusts' assets and asserting that its request for attorney's fees should be denied.

A hearing was held on February 26, 2019, at which the court heard testimony and received evidence. On September 30, 2019, the court issued its adjudications, dismissing Appellant's objections and approving the payment of the attorney's fees. The orphans' court also denied Appellant's motion for reconsideration. Thereafter, Appellant filed a timely appeal.

We begin by setting forth our standard of review.

Our standard of review of the findings of an Orphans' Court is deferential.

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.
>
> However, we are not constrained to give the same deference to any resulting legal conclusions.
>
> *In re Estate of Harrison*, 745 A.2d 676, 678-79 (Pa. Super. 2000), *appeal denied*, 563 Pa. 646, 758 A.2d 1200 (2000) (internal citations and quotation marks omitted). "The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Luongo*, 823 A.2d 942, 951 (Pa. Super. 2003), *appeal denied*, 577 Pa. 722, 847 A.2d 1287 (2003).

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (quoting *In re Estate*

*of Whitley*, 50 A.3d 203, 206-07 (Pa. Super. 2012)).

Appellant raises the following two issues for our review:

1. Where the trustee of trusts with a beneficiary entitled only to receive trust income invests for total return principally by capital appreciation and the trusts achieve substantial capital appreciation, did the court below err in dismissing objections to [a]ccounts that the trustee violated fiduciary duties by refusing to exercise its statutory power to adjust the total return of the trusts to produce income which will accomplish the purposes of the trusts as set forth in the terms thereof?

2. Whether the court below abused its discretion in allowing a trustee to collect from trusts additional counsel fees and

expenses of $477,635.40 for an [a]ccounting proceeding where $516,733.78 already had been allowed for such purposes, 1,874 hours were billed by counsel to represent the trustee in such proceeding where the evidentiary hearing was less than one day, and total fees and expenses allowed were 88% of the combined assets of the trusts?

Appellant's brief at 37.

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough 17-page opinion of the Honorable Lois E. Murphy of the Court of Common Pleas of Montgomery County, dated September 30, 2019. We conclude that Judge Murphy's opinion properly disposes of the issues and accompanying arguments presented by Appellant. Accordingly, we adopt her opinion as our own and affirm the order dismissing Appellant's objections.

Order affirmed.

Judge Dubow joins this memorandum.

Judge Lazarus files a concurring statement in which President Judge Emeritus Bender and Judge Dubow join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/20

- 4 -