J-A27045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RUBEN JUNIOR PAGAN | : | |
| Appellant | : | No. 1289 EDA 2020 |

Appeal from the PCRA Order Entered March 25, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001803-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RUBEN PAGAN | : | |
| Appellant | : | No. 1763 EDA 2020 |

Appeal from the Order Entered March 25, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001803-2016

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:        **FILED:  DECEMBER 31, 2020**

Appellant, Ruben Junior Pagan, *pro se*, appeals from the order entered

March 25, 2020, that denied his first petition filed under the Post Conviction

Relief Act ("PCRA").[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

On April 19, 2017, a jury convicted Appellant of --

eight counts of robbery, three counts each of recklessly endangering another person and terroristic threats, one count each of theft by unlawful taking, receiving stolen property, possessing instruments of crime, and conspiracy, and his bench trial conviction for persons not to possess firearms.[1]

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), (iv), (v); 2705; 2706(a)(1); 3921(a); 3925(a); 907(a); 903(a)(1); 6105(a)(1), respectively.

. . .

[T]he [trial] court sentenced Appellant on August 30, 2017, to an aggregate term of ten (10) to twenty (20) years' imprisonment.

*Commonwealth v. Pagan*, No. 2872 EDA 2017, unpublished memorandum at 1, 3 (Pa. Super. filed August 14, 2018). Appellant filed a direct appeal, challenging the weight of the evidence, and this Court affirmed his judgment of sentence on August 14, 2018. *Id.* at 1-2. On April 29, 2019, Appellant filed his first, *pro se*, timely PCRA petition. The PCRA court appointed counsel to represent Appellant. On March 25, 2020, the PCRA court dismissed the PCRA petition and granted counsel's request to withdraw. On April 29, 2020, Appellant filed a *pro se* notice of appeal that appears on its face to be untimely filed. However, on March 17, 2020, this Court entered a Judicial Emergency Order in response to the coronavirus disease 2019 ("COVID-19") pandemic stating, "All timelines imposed by Pennsylvania Rule of Appellate Procedure 903, for appeals from orders entered between March 17, 2020, and April 17, 2020, that would be subject to the Superior Court's jurisdiction, are EXTENDED by 30 days." Accordingly, Appellant's notice is deemed timely.

Appellant presents the following issues for our review:

1.    Whether the verdict reached by the jury was contrary to the weight of the evidence.

2.    Whether Elliot Knight was manipulated by the District Attorney's Office by not authenticated his signed and notarized affidavit by a public notary[.] [*sic*]

Appellant's Brief at § IV.

Appellant's first issue is waived, because he challenged the weight of the evidence as part of his direct appeal.  A PCRA claim will not be reviewed if the claim had been previously litigated.  ***See*** 42 Pa.C.S. §§ 9543(a)(3) (to be eligible for relief under the PCRA, "the allegation of error" may not have "been previously litigated"), 9544(a)(2) ("an issue has been previously litigated if . . . the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").

The entirety of the argument in his appellate brief for his second claim is:  "Elliot Knight clearly stated in an affidavit signed and notarized that he was forced to say Appellant co-operated in robbery to have a stronger argument at trial and a lighter sentence was given to Elliot Knight for it." Appellant's Brief at § VII (unnecessary capitalization omitted).  Appellant provides no citations to the record, to case law, or to any other supporting authority for this issue; his claim is thus waived.  ***See Kelly v. The Carman Corporation***, 229 A.3d 634, 656 (Pa. Super. 2020) (citing Pa.R.A.P. 2119(a) (argument shall include citation of authorities); ***see also, e.g.***, ***Commonwealth v. Spotz***, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a

"developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (arguments not appropriately developed -- including those where party has failed to cite authority -- are waived on appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/20