J-A09008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF CONSTANCE GRACE PATTERSON | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DEBORAH REID | : : : : : : : | No. 1173 WDA 2023 |

Appeal from the Decree Entered September 7, 2023
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): 63-23-721

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 22, 2024**

Appellant Deborah Reid appeals from the September 7, 2023 decree entered by the Washington County Orphans' Court denying her petition to retain property of the estate of her mother Contance Grace Patterson ("Decedent"). The court, instead, granted the petition of her sister, Rebecca Anderson, administrator of Decedent's estate ("Administrator"), to sell the property to a third party. After careful review, we affirm.

The following are the relevant facts and procedural history. On April 7, 2023, Decedent died intestate, leaving Appellant and Administrator as her only heirs. The primary asset of the estate is Decedent's residence at 81 Old Farm Road in Canonsburg ("the Property"). At the time of Decedent's death, Appellant had been living at the Property since February 2023.

On May 3, 2023, Appellant renounced her right to administer the estate, allowing for the appointment of Administrator. Administrator sought to sell

the Property to pay the debts, expenses, and taxes of the estate.[1]  Initially, Administrator offered to sell her share of the Property to Appellant for $95,000, half of the appraised value of $190,000.  Appellant did not accept the offer prior to its expiration on July 3, 2023.  Subsequently, Appellant "made a counter-offer to purchase the property for $80,000, paid in installments of $1,000 per month."  Trial Ct. Op. at 5.  Administrator rejected this offer, concluding that it was not "feasible to pay the estate's bills receiving only $1,000 per month."  *Id.*  Instead, Administrator accepted a cash offer from Craftsman Capital, LLC to purchase the property "as is" for $150,000. Administrator testified that "she was pleased with the $150,000 offer considering the deplorable condition of the house," which the court described as "uninhabitable" and "commensurate of a 'hoarder' living there."  *Id.*

On August 25, 2023, Appellant filed a petition to retain the Property and prevent the sale to Craftsman Capital.  Subsequently, Administrator filed a petition to sell the Property, seeking "an order compelling appellant to vacate the premises before the closing and not to interfere with the sale[.]"  *Id.* at 2.

The orphans' court held a hearing on September 7, 2023.  At the conclusion of the hearing, the court denied Appellant's petition to retain and

---

[1] As detailed by the trial court, Decedent's personal property had a total value of $9,667.22; Decedent's checking account had a balance of approximately $10,000; and the estate had estimated expenses of $29,803.92, debts of approximately $37,000, and an estimated inheritance tax of $5,473,70.  Trial Ct. Op., 11/1/23, at 4.

granted Administrator's petition to sell the Property to Craftsman Capital, ordering Appellant to vacate the Property by September 29, 2023, and not interfere with the sale of the Property.

Appellant filed a notice of appeal on September 26, 2023. Appellant and the Orphans' Court complied with Pa.R.A.P. 1925(a).

Appellant raises the following issues before this Court:

1. Whether the [c]ourt erred in granting the [Administrator's] Petition to [Sell] the Property when the [Administrator] was acting in her own self[-]interest and not the best interest of all of the heirs[?]

2. Whether the [c]ourt erred in denying [Appellant's] Petition to remain at the property as an heir who took possession with the consent of [Decedent?]

3. Whether the court erred in rejecting [Appellant's] proposal to purchase the property from the other heir, the [Administrator?]

Appellant's Br. at 2.[2]   While phrased as three overlapping questions, Appellant's argument raises the single issue of whether the orphans' court erred in granting the petition to sell the Property rather than allowing Appellant to remain in the Property.

**A.**

When reviewing an orphans' court's decree, we grant deference to that court, which sits as factfinder, determining the credibility of the witnesses. *In re Estate of Whitley*, 50 A.3d 203, 206 (Pa. Super. 2012) (citation omitted).

---

[2] As noted by the orphans' court, Appellant phrased her issues using the terms "Executor" and "testator," which are inapplicable in the absence of a will. Trial Ct. Op. at 3 n.1.

We are not constrained, however, "to give the same deference to any resulting legal conclusions." *Id.* at 207 (citation omitted). Accordingly, we will not reverse the orphans' court decision absent an "abuse of discretion or a fundamental error in applying the correct principles of law." *Id.* (citation omitted).

The Probate, Estates and Fiduciaries Code ("the Code") governs the authority of an estate's personal representative, such as Administrator, and specifically addresses the representative's duty and authority in regard to an estate's real property when occupied by an heir at the time of the decedent's death. 20 Pa.C.S. § 3311(a). Section 3311(a) provides in relevant part as follows:

> A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent, **except real estate occupied at the time of death by an heir or devisee with the consent of the decedent**. . . . **Nothing in this section shall affect the personal representative's power to sell real estate occupied by an heir or devisee.**

*Id.* (emphasis added). Additionally, Section 3353 of the Code permits a court to order the sale of property "whenever the court shall find such sale . . . to be desirable for the proper administration and distribution of the estate." *Id.* at § 3353.

**B.**

Appellant asserts that the orphans' court erred in denying Appellant's petition to retain the Property and granting Administrator's petition to sell the property to a third party. Appellant's Br. at 3-6. She argues that the decree

permits Administrator to violate her fiduciary duty to Appellant by selling the Property to a third party for less than the appraised value and less than Appellant's purchase offer. Appellant avers that she "would become homeless if the property is sold[,]" and claims that it was not necessary to sell the Property in order to administer the estate.[3] *Id.* at 5. She further maintains that Administrator improperly rejected "reasonable options" suggested by Appellant, such as granting Appellant a life-estate and applying for a home equity loan. *Id.* Finally, Appellant contends that Administrator "is prohibited from taking possession of the property because [Appellant] lived there with the permission of their mother[,]" citing 20 Pa.C.S. § 3311(a). *Id.* at 6.

After careful review, we conclude the Code and the record support the court's decision to grant Administrator's petition to sell the Property and to deny Appellant's petition to retain the Property. In addressing Appellant's invocation of Section 3311, the court correctly opined that Section 3311(a) permits a personal representative to sell property, even when occupied by an heir, as it states: "Nothing in this section shall affect the personal

_____

[3] In claiming that the sale was not necessary, Appellant appears to dispute the court's finding that the estate had $37,000 of debts. She asserts that "[t]he alleged debt in the form of a judgment no longer exists[, as it] has not been revived since 2004." Appellant's Br. at 5-6. While Appellant cites the Reproduced Record which includes documents from a 1996 case involving Decedent, Appellant fails to provide any context for this assertion. Accordingly, Appellant waived this aspect of her claim by "fail[ing] to develop an adequate argument" as required by Pa.R.A.P. 2119(a). *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). Moreover, the absence of the $37,000 of debts would not undermine the orphans' court's analysis.

- 5 -

representative's power to sell real estate occupied by an heir or devisee." Trial Ct. Op. at 7 (quoting 20 Pa.C.S. § 3311(a)).

Additionally, the record supports the court's rejection of Appellant's contention that Administrator violated her fiduciary duties to Appellant in selling the Property to Craftsman Capital's rather than accepting Appellant's offer and proposals. *Id.* at 5. The court found that "[t]here was no evidence of any relationship with the third-party buyer or any other inference that the proposed sale of the [Property] was anything other than an arms-length transaction." *Id.* at 5-6.

Moreover, the orphans' court found that Craftsman Capital's cash offer of $150,000 "represented the most reasonable disposition of the Decedent's property, conducive to serving the best interests of the estate and all parties concerned." *Id.* at 7. The court contrasted the immediate receipt of $150,000 in cash with Appellant's offer to buy her sister's half of the Property for 80,000, payable in monthly installments of $1,000.[4] The court reasoned that the immediate receipt of cash would allow Administrator "to alleviate the ongoing expenses of the residence, to settle the debts of the estate, to pay the inheritance tax, and to make appropriate distribution of the remaining balance of the estate funds to the heirs, all within a reasonable time." *Id.* at 6.

Appellant fails to refute the orphans' court well-reasoned determination that is supported by the record. Accordingly, we affirm the court's decision to

---

[4] The court rejected Appellant's other proposals, finding that her proposal to obtain a home equity loan "speculative at best." *Id.* at 8.

deny Appellant's petition to retain the Property, to grant Administrator's requests to sell the Property, and to reject Appellant's offer to purchase the property.

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/22/2024