J-A14011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF LOTTIE IVY DIXON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: GEORGE F. DIXON, III AND RICHARD E. DIXON | No. 1838 MDA 2015 |

Appeal from the Order Entered September 28, 2015
In the Court of Common Pleas of Cumberland County
Orphans' Court at No(s): 21-07-0686 Orphans' Court

BEFORE:  BOWES, OTT AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

George F. Dixon, III, and Richard E. Dixon appeal from the September 28, 2015 order dismissing their objections to and confirming an account filed by the trustee of a trust, Appellee M & T Bank.  We affirm.

Lottie Ivy Dixon, a widow, died testate on June 28, 2007.  On July 25, 2007, the Register of Wills of Cumberland County admitted to probate her November 16, 2005 last will and testament, and it granted letters testamentary to the executor named therein, Marshall L. Dixon.  Each of Lottie's four children, Marshall, George, Richard, and Charlotte E. Dixon, received specific bequests.  Lottie left her residuary estate to the Lottie Ivy Dixon Revocable Trust, which was created by an August 19, 1985 trust

_____
* Retired Senior Judge assigned to the Superior Court.

agreement between Lottie, as settlor, and Dauphin Deposit Bank and Trust Company, which is the predecessor in interest to Appellee, as trustee (the "Trust"). The Trust's beneficiaries were Lottie's four children.

After the will was probated, Appellants filed a petition for appointment of an administrator *pro tem*. Appellants leveled allegations of misconduct against Marshall, claiming that Lottie's mental health deteriorated in 1999 and suggesting that Marshall defrauded Lottie of at least $1,500,000 between 1994 and her death. Specifically, Appellants contended that Marshall used Lottie's money to buy expensive items and vacations for himself. In their petition, Appellants asked that an administrator *pro tem* be appointed to determine if Marshall acted wrongfully by taking assets from Lottie without her consent and averred that Marshall, as executor, had a conflict of interest for purposes of such an investigation.

The court referred the petition to an auditor, who recommended that it be denied. The court thereafter adopted that recommendation. Appellants filed an appeal to this Court from the denial, and we quashed, concluding that the order was interlocutory and unappealable. ***In re Estate of Dixon***, 29 A.3d 824 (Pa.Super. 2011) (unpublished memorandum).

On June 26, 2013, Appellee, in its capacity as trustee of the Trust, filed a First and Partial Account that covered disbursements that it made to Lottie during her lifetime. That account revealed $1,882,174.01 in principal and $929,323.73 in income was distributed to Lottie from August 19, 1985

to June 28, 2007. The Trust had remaining assets of $11,486.72. On July 26, 2013, Appellants filed seventeen objections to the account.

On September 13, 2013, Appellee filed a motion to strike the objections, maintaining that Appellants lacked standing to challenge any distributions that it made from the Trust, which was fully revocable, to Lottie while she was alive. After oral argument, the orphans' court determined that Appellants had standing, denied fifteen objections, and asked Appellee to more fully delineate the nature of two disbursements to Lottie since they were not adequately explained in the account. Appellants filed a second appeal, which was quashed since the order on appeal was not final in that it required Appellee to perform corrections to the account. *In re Estate Dixon*, 122 A.3d 459 (Pa.Super. 2015) (unpublished memorandum).

The corrections were made, the remaining two objections were dismissed, and the account was confirmed. This appeal followed. Appellants raise these averments on appeal:

> A. Did The Orphans' Court Err By Overruling The Objections Relating To The Management of The Trust?
>
> > 1. Did the Orphans' Court Err By Applying 20 Pa.C.S. § 7753(a) And Holding That The Duties of Corporate Trustee, M&T, Were Owed Only To The Settlor, Lottie Ivy Dixon, During Her Lifetime Despite The Language Of The Revocable Trust Instrument Imposing A Duty on the Corporate Trustee, M&T, To Exercise Its Powers In The Best Interests Of The Beneficiaries?
> >
> > 2. Did the Orphans' Court Err And Abuse Its Discretion By Holding That The Objections To M&T's

- 3 -

Failing to Require Lottie Ivy Dixon To Request
Distributions in Writing Are Irrelevant Because She
Clearly Consented to M&T's Behavior?

Appellant's brief at 5.

Initially, we outline the applicable standard of review:

Our standard of review of the findings of an Orphans' Court is
deferential.

When reviewing a decree entered by the Orphans'
Court, this Court must determine whether the record
is free from legal error and the court's factual
findings are supported by the evidence. Because the
Orphans' Court sits as the fact-finder, it determines
the credibility of the witnesses and, on review, we
will not reverse its credibility determinations absent
an abuse of that discretion.

However, we are not constrained to give the same
deference to any resulting legal conclusions.

*In re Estate of Harrison*, 745 A.2d 676, 678–79 (Pa.Super.
2000), *appeal denied,* 563 Pa. 646, 758 A.2d 1200 (2000)
(internal citations and quotation marks omitted). "The Orphans'
Court decision will not be reversed unless there has been an
abuse of discretion or a fundamental error in applying the correct
principles of law." *In re Estate of Luongo*, 823 A.2d 942, 951
(Pa.Super. 2003), *appeal denied,* 577 Pa. 722, 847 A.2d 1287
(2003).

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa.Super. 2016) (quoting *In re*

*Estate of Whitley*, 50 A.3d 203, 206–207 (Pa.Super. 2012)).

Appellants first posit that the orphans' court incorrectly ruled that,

under the revocable Trust, Appellee owed only Lottie a duty for purposes of

- 4 -

the account, which covered distributions made during Lottie's lifetime. In this respect, the orphans' court applied 20 Pa.C.S. § 7753(a).[1] That section articulates, "Regardless of the legal capacity of the settlor, the rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor while a trust is revocable." 20 Pa.C.S. § 7753(a). The court correctly observed that this language plainly provides the Appellee's duty inured solely to the benefit of Lottie during her lifetime.

Appellants also suggest that Appellee's disbursements to Lottie were improper since she requested them orally over the telephone rather than in a written document. In rejecting this position, the orphans' court relied upon 20 Pa.C.S. § 7789, which states, in pertinent part, "A trustee is not liable to a beneficiary for breach of trust if the beneficiary consented to the conduct constituting the breach . . . unless the consent . . . of the beneficiary was induced by improper conduct of the trustee." The orphans' court further observed that, "An approval by the settlor of a revocable trust . . . binds all the beneficiaries." *Id*. The court concluded that, under these precepts, Lottie consented to receiving the Trust's funds by oral request and that Appellants were bound by that consent.

---

[1] Chapter 77 of the Probate, Estates, and Fiduciaries Code was enacted in 2005 and expressly applies, with two exceptions inapplicable herein, to all trusts created before, on or after the effective date of Chapter 77's enactment.

After consideration of the facts, briefs, and applicable law, we conclude that the rulings challenged on appeal are free from legal error and that the court's factual findings are supported by the record. Based upon the January 7, 2016 opinion of the Honorable Albert H. Masland, we affirm the order dismissing Appellants' objections and confirming the First and Partial Account

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016

IN RE: : IN THE COURT OF COMMON PLEAS OF
ESTATE OF LOTTIE IVY DIXON : CUMBERLAND COUNTY, PENNSYLVANIA
:
: 21-07-0686 ORPHANS' COURT

## IN RE: OPINION PURSUANT TO PENNSYLVANIA RULE OF

## APPELLATE PROCEDURE 1925

**Masland, J., January 7, 2016:--**

### I. Background

The Lottie Ivy Dixon Revocable Trust (the Trust) was established in 1985. From 1985 to 2007, George F. Dixon III and Richard E. Dixon (the Brothers) were remainder beneficiaries and M&T (or its predecessor) was the sole trustee. The Brothers became co-trustees in 2007 when their mother, Lottie Dixon, died. On June 26, 2013, M&T filed a first and partial account of the Trust. The Brothers raised multiple objections to M&T's account, generally objecting to the management of the trust and objecting to the format of the account.

M&T filed a motion to strike the objections. Following briefing and argument thereon, the court determined, as a threshold matter, that the Brothers had standing to object, and then addressing the merits, overruled all of the Brothers' objections save two minor objections as to the form of the account, which we sustained. Specifically, the court referred the matter back to M&T for the purpose of providing an explanation for two distributions that had been inadequately described in the accounting. The court stated, "[f]ollowing this minor correction, the accounting may be confirmed without the appointment of an auditor." *In re*: Opinion and Order of Court, March 7, 2014 at 4.

For reasons that are their own, the Brothers appealed that order immediately without waiting for M&T to provide the minor corrections requested by the court. On appeal, our Superior Court quashed, noting

> We are cognizant that the issues briefed and argued in this appeal will arise again as soon as the orphans' court enters a final order confirming the revised account. The expense of judicial resources and duplicative effort on the part of counsel is regrettable, but we lack discretion to overlook the jurisdictional flaw in Appellants' appeal. The record does not explain why Appellants failed to await an appealable final order.

*In re Estate of Dixon*, 122 A.3d 459 n.2 (Pa. Super. Ct. 2015) (unpublished memorandum).

Subsequently, the case returned to the Orphans' Court, M&T made the necessary corrections, and the accounting was confirmed. Now, the matter is ripe for appeal. The Brothers complain of the following matters on appeal:

> A. The Court erred by applying 20 Pa.C.S. §7753(a) and holding that the duties of the Trustee, M&T, were owed only to the Settlor, Lottie Ivy Dixon, during her lifetime.

> B. The Court erred by holding that the objection to M&T not requiring Lottie Dixon to request distributions in writing is irrelevant because she clearly consented to M&T's behavior.

Concise Statement of Matters Complained of on Appeal, filed November 12, 2015 at 1, 4.

## II. Discussion

The Brothers first object to the court's conclusion that the duties of M&T were owed only to the Settlor, Lottie Ivy Dixon, during her lifetime. The court disagrees.

The PEF Code provides, "regardless of the legal capacity of the settlor, the rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor while a trust is revocable." 20 Pa.C.S. § 7753(a) (emphasis

-2-

added). Despite this clear statutory language, the Brothers insist that because this portion of the PEF code was not yet enacted at the time of the challenged disbursements, it cannot control. In support of this argument, they cite to an Official Comment of the April 2005 Joint State Government Commission's Report of the Advisory Committee on Decedents' Estates Laws relating to the applicability of §7753(a). They quote:

> Sections 7780.3(1) and 7785(b) dictate when the rules of their respective sections become applicable. **Under the common law, the past actions of trustees, beneficiaries and others regarding trusts are governed by the legal principle in effect when the actions occurred. Chapter 77 does not change those common law concepts.**

Br. at 2 (emphasis supplied in brief).

Thus, they argue that §7753(a) cannot apply to the past actions of the corporate trustee, M&T. First, we note that the JSGCR was never made a part of the record and though it is a publically available document, it was not without some effort that court was able to locate a copy online.[1] With the benefit of the entire document, it is clear the Brothers have taken their quote out of context and implied that it was germane to §7753(a). The full section of the Report reads as follows:

APPLICABILITY

(1) Except as provided in paragraph (2), the addition of 20 Pa.C.S. Ch. 77 shall apply to all trusts created before, on or after the effective date of this paragraph.

(2) The following apply:

(i) The addition of 20 Pa.C.S. § 7737 shall not apply to oral trusts created before the effective date of this paragraph.

(ii) The addition of 20 Pa.C.S. § 7752(a) shall not apply to trusts created before the effective date of this paragraph.

---

[1] Available at: http://jsg.legis.state.pa.us/resources/documents/ftp/publications/2005-41-UTC%204%202005.pdf.

> Comment: *Sections 7780.3(l) and 7785(b) dictate when the rules of their respective sections become applicable. Under the common law, the past actions of trustees, beneficiaries and others regarding trusts are governed by the legal principle in effect when the actions occurred.* Chapter 77 does not change those common law concepts.

JT. ST. GOVT. COMM. Report of the Advisory Committee on Decedent's Estates Laws April 2005 at 133 (language quoted by Brothers italicized) (court's emphasis underlined).

Neither of the two limited carve out provisions who were to be applied only prospectively is at issue here. The Brothers' argument would ignore the clear language in section (1) quoted above that the overwhelming majority of the amendments to the PEF Code were to apply to all trusts created before or after the effective date of those changes. The Brothers' argument must fail.

The Brothers' second objection, that it was error to deny that the Trustee bank should have required Lottie Dixon to request distributions in writing, is also without merit. The PEF Code provides:

> A trustee is not liable to a beneficiary for breach of trust if the beneficiary consented to the conduct constituting the breach, released the trustee from liability for the breach or ratified the transaction constituting the breach, unless the consent, release or ratification of the beneficiary was induced by improper conduct of the trustee.

20 Pa.C.S. § 7789 (emphasis added). Further, "[a]n approval by the settlor of a revocable trust . . . binds all the beneficiaries." 20 Pa.C.S. §7789, Uniform Law Comment.

Here, M&T has established that the Settlor, Lottie Ivy Dixon, requested distributions of trust funds via telephone calls. These affirmative actions established her consent to receive distributions without the formality of filing written requests. That

-4-

consent binds all beneficiaries. The Brothers' claims regarding M&T's failure to require a writing are immaterial where the Settlor clearly consented to the distributions. The Brothers' objection must fail.

### III. Conclusion

For all these reasons, we respectfully submit that this court's orders should be affirmed in all respects.

By the Court,

Albert H. Masland, J.

Kimberly M. Colonna, Esquire
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166

Kevin J. Kehner, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
200 Locust Street, Suite 400
Harrisburg, PA  17101

Mark D. Bradshaw, Esquire
Stevens & Lee, P.C.
17 North Second Street
16th Floor
Harrisburg, PA  17101

Daniel L. Sullivan, Esquire
26 W. High Street
Carlisle, PA  17013

Charlotte Ivy Dixon
323 Bayview Street
Camden, ME  04843