J-A09010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANITREA RAGIN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADE LAWAL | : | No. 2575 EDA 2018 |

Appeal from the Order Entered, August 15, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  CV-2018-00095.

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 09, 2019**

Anitrea Ragin appeals *pro se* from the order dismissing her complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1).  We dismiss the appeal due to the substantial defects in Ragin's brief.

On August 6, 2018, Ragin filed a complaint in which she raised a claim for "sexual harassment and retaliation in the work place" under "Title VII of the Civil Right Act of 1964 (Title VII)."  Ragin sought damages in the amount of $50,000.00, representing "loss of income," "sever[e] emotional distress," and "loss of self-esteem, anxiety and depression."  ***See*** Complaint, 8/6/18. Along with the complaint, Ragin also filed a petition to proceed *In Forma Pauperis* ("IFP petition").

Upon review, the trial court, by order entered August 15, 2018, granted Ragin's IFP petition, but dismissed her complaint as frivolous pursuant to

_____
* Retired Senior Judge assigned to the Superior Court.

Pa.R.C.P. 240(j)(1).  This timely appeal followed.  The trial court did not require Pa.R.A.P. 1925 compliance.

With regard to Ragin's *pro se* brief, we first note:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  Pa.R.A.P. 2101.  This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in [the] Pennsylvania Rules of Appellate Procedure.  *Id.*  Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no benefit upon the appellant.  To the contrary, a person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006).

Rule 2111 of the Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief:

**Rule 2111.  Brief of the Appellant**

**(a)  General Rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1)  Statement of Jurisdiction.

(2)  Order or other determination in question.

(3)  Statement of both the scope of review and the standard of review.

(4)  Statement of the questions involved.

(5)  Statement of the case.

(6)  Summary of argument.

(7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)  Argument for appellant.

(9)  A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in paragraphs (b) and (c) of his rule.

(11)  In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12)  The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Additionally, Rule 2119(a) provides:

**Rule 2119.  Argument**

**(a)  General rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed— the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Citing the above rule, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority.  Failure to cite relevant legal authority constitutes waiver of the claim on appeal." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012).

- 3 -

Our review of Ragin's brief readily indicates that she misapprehends Superior Court's role as an appellate court. Her brief does not even remotely comply with the Rule 2111 requirements enumerated above. Most importantly, Ragin's brief contains no statement of questions involved and no argument. Indeed, the *pro se* filing appears more as a refiling of her complaint, and a further attempt to obtain monetary relief. This court's appellate function primarily is to correct legal errors made by the trial court. The shortcomings in Ragin's brief have hampered effective appellate review. ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006). Our rules provide that if defects in the brief are substantial, the appeal may be quashed or dismissed. Pa.R.A.P. 2101. Thus, we dismiss Ragin's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/19