J-S08017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY D. BURNS, | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SILVERANG, DONOHOE, | : | |
| ROSENZWEIG & HALTZMAN, LLC; | : | |
| KEVIN SILVERANG, ESQ.; | : | |
| CATHERINE SIBEL, ESQ. | : | No. 2873 EDA 2018 |

Appeal from the Judgment Entered, September 11, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  171002349.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 14, 2019**

Timothy D. Burns appeals, *pro se*, from the trial court's grant of judgment on the pleadings to the law firm and lawyers who represented him in a 2012, multi-million dollar, commercial, land transaction.[1]

In October of 2017 (i.e., four years and nine months after the closing), Burns sued the law firm, his former attorneys, and other parties not involved in this appeal.  He claims they forced him to close on the property when he no longer had the funds to do so.  The trial court dismissed the case, because it concluded that Burns' suit was untimely under Pennsylvania's statute of limitations.  **See** Trial Court Opinion, 9/11/18.

_____

[1] The names of the defendants/appellees are Silverang, Donohoe, Rosenzweig & Haltzman, LLC; Kevin Silverang, Esq.; and Catherine Sibel, Esq.  We have amended the caption above to identify them correctly.

_____

*   Former Justice specially assigned to the Superior Court.

The law firm and attorneys argue that we should quash Burn's appeal due to the many Pennsylvania Rules of Appellate Procedure he has violated. **See** Silverang Brief at 18 – 22.  We agree.

First, with regard to Burn's *pro se* brief, we note:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  Pa.R.A.P. 2101.  This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in [the] Pennsylvania Rules of Appellate Procedure.  **Id.**  Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no benefit upon the appellant.  To the contrary, an person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa. Super. 2006).

Second, Pennsylvania Rule of Appellate Procedure 2111(a) requires appellants to include **all** of the following sections in their briefs:

(1)  Statement of Jurisdiction.

(2)  Order or other determination in question.

(3)  Statement of both the scope of review and the standard of review.

(4)  Statement of the questions involved.

(5)  Statement of the case.

(6)  Summary of argument.

(7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)  Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Third, Rule 2119(a) provides:

The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

Citing the above rules, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012).

Burns' brief indicates that he misapprehends the Superior Court's role as an appellate court. His brief does not remotely comply with the requirements enumerated above. It contains no statement of our scope and

standard of review, no statement of questions involved, and no citations to any statute or case law. Burns' *pro se* filing appears to argue that the grant of judgment on the pleadings prohibited him from taking discovery. That is not a legal error by the trial court but is merely the result of the ruling. The brief also includes a promise that, if we remand this case, Burns will obtain counsel. He should have hired counsel **before** he filed his lawsuit; the fact that he elected not to do so was a risk he chose and provides us no basis for reversing the trial court.

This court's appellate function is to correct legal errors made by the trial court. It is not our duty or even our prerogative to give *pro se* litigants a "do over," based upon their ignorance of the judicial system or our Rules of Appellate Procedure. The shortcomings in Burn's *pro se* brief have hampered effective appellate review. ***See Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006). Our rules provide that if defects in a brief are substantial, then we may quash the appeal. Pa.R.A.P. 2101.

We do so now, because the defects in Burns' *pro se* brief are substantial.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/19

- 4 -