J-A29036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANGELA WEST-BOGANS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY C. BOGANS | : | No. 1737 MDA 2019 |

Appeal from the Order Dated September 27, 2019
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2012-2458

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:               **FILED DECEMBER 09, 2020**

Appellant, Angela West-Bogans ("Wife"), *pro se*, appeals from the order entered September 27, 2019, relating to her divorce proceedings from Appellee, Tracy C. Bogans ("Husband").  For the following reasons, we dismiss Wife's appeal.

The current appeal is the third appeal before this Court related to this divorce action.  ***West-Bogans v. Bogans***, 220 A.3d 621 (Pa. Super. 2019) (unpublished memorandum); ***West-Bogans v. Bogans***, 220 A.3d 623 (Pa. Super. 2019) (unpublished memorandum).  The relevant procedural history of this instant appeal is as follows.  On April 20, 2012, Wife filed a complaint in divorce.  After extensive litigation, the trial court entered a divorce decree

_____

[*] Retired Senior Judge assigned to the Superior Court.

on September 27, 2017. This present appeal arises from a trial court order dated September 27, 2019, denying Wife's request for an upward adjustment in alimony and holding Husband in contempt, fining him $500.00. On October 17, 2019, Wife filed this timely appeal.[1]

Wife now presents the following issues for our review:

[1.] Whether the trial court erred by suspending [Husband's] alimony payments without Physician Certification Form under Domestic Relations Code and proof of Social Security Disability?

[2.] Whether the trial court erred by refusing to require [Husband] to obtain disability and additional life insurance?

[3.] Whether the trial court erred by refusing to require [Husband] to show proof of income for past five years, tax returns and W-4 statements from employer or self-employment?

[4.] Whether the trial court erred in failing to hold [Husband] financially responsible for financial losses resulting from property distribution orders violations?

[5.] Whether the trial court erred by failing to providing [Wife] sufficient alimony and/or separate maintenance to aid in recovery of encumbered properties?

[6.] Whether the trial court erred by consolidating domestic proceedings with matters involving the SunTrust case?

[7.] Whether the trial court erred altering the name on the Deed on [Wife]'s property to benefit the SunTrust proceedings?

[8.] Whether the trial court erred by altering or omitting comments in the January 16th, 2020 official transcripts to cover a pattern of judicial misconduct and perjury by [Husband]?

---

[1] The trial court did not order and Wife did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court entered opinions on February 4, 2020, and May 12, 2020.

[9.] Whether the trial court erred by refusing to require [Husband] to obtain additional life and disability insurance?[2]

Wife's Brief at 5.

Before reaching the merits of these issues, we must first ascertain whether Wife adhered to the Pennsylvania Rules of Appellate Procedure. Whether an appellant followed appellate procedure is a pure question of law for which "our scope of review is plenary, and the standard of review is *de novo*." ***Commonwealth v. Walker***, 185 A.3d 969, 974 (Pa. 2018).

"[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citing Pa.R.A.P. 2101).

> [*P*]*ro se* status does not relieve [an appellant] of his duty to follow the Rules of Appellate Procedure. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***In re Ullman***, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010). Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

---

[2] Wife's ninth appellate challenge is a duplicate of her second challenge.

*Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037–38 (Pa. Super. 2018), *reargument denied* (February 6, 2019), *appeal denied*, 217 A.3d 793 (Pa. 2019), *cert. denied.*, 140 S. Ct. 1147 (2020).

Instantly, Wife's *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. The argument section of her brief is neither divided into nine sections (one for each of her nine appellate issues)[3] nor does it contain any citations to legal authority to support her nine claims that the trial court committed legal error. **See** Wife's Brief at 10-48. Instead, Wife's entire brief is comprised of prose in which she makes various allegations of misconduct on the part of Appellee, including accusations of abuse. **See id.** at 14, 38, 48. "It is well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal." **George v. Ellis**, 911 A.2d 121, 126 (Pa. Super. 2006); **see** Pa.R.A.P. 2119(a) ("argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"); **Kelly v. The Carman Corporation**, 229 A.3d 634, 656 (Pa. Super. 2020) (citing Pa.R.A.P. 2119(a) (argument shall include citation of authorities)); **see also, e.g.**, **Commonwealth v. Spotz**, 18 A.3d 244, 281 n.21 (Pa. 2011) (without

---

[3] The argument section is not divided into eight sections, either, given that her second and ninth claims are duplicative.

a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention).

> The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

***Commonwealth v. Briggs***, 12 A.3d 291, 343 (Pa. 2011).

Thus, from a legal prospective, Wife makes no viable argument in support of reversing the order entered September 27, 2019. Accordingly, we may not reach the merits of her claims of error, and we dismiss her appeal.

Appeal dismissed.

Judge Dubow did not participate in the decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/09/2020