J-S51013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| P.R.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.H. | : | No. 869 MDA 2020 |

Appeal from the Order Entered May 21, 2020
In the Court of Common Pleas of York County Domestic Relations at
No(s):  00440SA2015, PACSES# 899115170

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 11, 2020**

P.R.D. (Father), who has been *pro se* throughout this action, appeals from the order detailing his child support responsibility as it pertained to unreimbursed medical expenses.  We affirm.

In stating its decision on the record, the trial court explained:

The [c]ourt does not have evidence that the treatment that the child received was not medically necessary or was otherwise cosmetic in nature.

We do not believe that is [Father's] argument, in any event. He is arguing that he did not have a say in what these expenses were, and he did not have any problems with the child when the child was in his care.  He is upset about the custodial arrangement, but this [c]ourt is bound by the custodial arrangement that is in place, and it does afford [Appellee] the right to make these decisions and seek appropriate care for her son.

N.T., 5/21/20, at 2-3.

Father filed a notice of appeal on June 19, 2020, along with a narrative "concise statement of matters." The trial court issued a Rule 1925(a) opinion on July 16, 2020. The trial court expressed its "belie[f that] the appeal should be quashed for failure to identify an error by the [c]ourt pursuant to 1925(b), or in the alternative, the Superior Court could find that the issues have been waived." Trial Court Opinion, 7/16/20, at 3-4. Nonetheless, the trial court provided a comprehensive and thoughtful analysis in support of its May 21, 2020 order, and addressed what it perceived to be Father's appellate issues. *See id.* at 1-12.

On July 21, 2020, Appellee filed with this Court a motion to dismiss Father's appeal, followed by a motion to dismiss and quash on July 23, 2020. Appellee asserted:

> No averment nor argument has been raised on appeal to suggest that these medical expenses were not incurred. Rather, Appellant's sole claim on Appeal is that he is unhappy with the underlying custody arrangement. Appellant makes no request for relief that could be granted by this Honorable Court, but instead uses this Appeal as a platform to vent his frustration with the court system, judges and counsel involved in the custody proceeding.

Motion to Dismiss and Quash Appeal, 7/23/20, at 1. By order entered August 4, 2020, we denied both motions without prejudice.

We recognize that Father's brief is wholly deficient and in no way reflects the content prescribed by our Rules of Appellate Procedure. The brief, independent of attachments, consists of 3 unnumbered pages, in which Father provides his historical account of, *inter alia*, being denied a fair trial and

repeatedly encountering judicial bias. Father concedes he "has no court cases to reference," and makes no legal argument. *See* Father's Brief at 3 (unnumbered).

The law is well settled:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citations omitted). In particular,

> [t]he argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.

*In re Estate of Whitley,* 50 A.3d 203, 209 (Pa. Super. 2012).

Consistent with both the record and prevailing law, we agree with the trial court and Appellee that this appeal could be dismissed or quashed. However, given the trial court's forbearance, we affirm its order, and adopt its opinion. The Honorable Andrea Marceca Strong, sitting as the trial court, explained:

> The evidence presented by the Appellee/Mother at the hearing was uncontroverted. Appellant/Father failed to contest

the validity of the medical bills presented as evidence, nor did he contest the calculation of medical enforcement. Appellant/Father argued that he should not be required to pay the child's medical expenses as he did not agree with the child receiving the indicated treatments. He further argued against the parties' current custody agreement entered as an order of court on June 27, 2019.

Trial Court Opinion, 7/16/20, at 2.

The court detailed the terms of the parties' custody, as well as their respective child support obligations, and emphasized that it "repeatedly informed Appellant/Father that we were unable to address custody matters during a support hearing and that the only matter before the court was medical reimbursement." *Id.* at 6. The court additionally addressed Father's claims of judicial bias, stating:

> The record will reflect that the [c]ourt was merely noting that argument was not a basis for excusing the obligation of Appellant/Father. At no time did the [c]ourt laugh at or mock the Appellant/Father, nor was the [c]ourt sarcastic or degrading toward Father or men in general. To the contrary, the [c]ourt, at all times, engaged in a respectful exchange with the parties in an effort to keep them focused on the issue pending before the [c]ourt. While acknowledging the concerns expressed by Father, we patiently attempted to redirect Father to the focus of the proceedings. The decision was based solely on the evidence before the [c]ourt, which supported reimbursement to the parent that incurred the expenses, without regard to gender.

*Id.* at 8-9.

In sum, and for the above reasons, Father's appeal lacks merit. Accordingly, we affirm the trial court and incorporate its thorough and well-reasoned opinion in this decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2020

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

K.      H.    . _ f/k/a      :     No.   00440 SA 2015
K          D.                           :     PACSES:   899115170
    Plaintiff,                :

    v.                       :

                            :     **ACTION IN SUPPORT**

P.       . D          . ,         :
    **Defendant**           :

## OPINION PURSUANT TO
## PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

**AND NOW**, this $\|0^{th}$ day of July, 2020, the Court has been notified that a Notice of Appeal was filed by P      D      (hereinafter "Appellant/Father"). Respondent is K      H      , formerly K      D      (hereinafter "Appellee/Mother"). Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the Court does hereby file this Opinion in support of its Order of May 21, 2020 and directs the Court to the decisions as stated on the record as the place where the reasons are found.



YORK...
JUDICIAL CENTER

2020 JUL 16 PM 2: 15

DOMESTIC...

1



Appellant/Father filed Notice of Appeal, a Concise Statement of Matters ("Statement"), and request for transcript on June 19, 2020.[1] In response to Appellant/Father's Statement, the Court considered the credible evidence presented at the hearing held on May 21, 2020. The sole issue before the Court at the *de novo* hearing was medical reimbursement and the Court found the request proper.

The evidence presented by the Appellee/Mother at the hearing was uncontroverted. Appellant/Father failed contest the validity of the medical bills presented as evidence nor did he contest the calculation of medical enforcement. Appellant/Father argued that he should not be required to pay the child's medical expenses as he did not agree with the child receiving the indicated treatments. He further argued against the parties' current custody agreement entered as an order of court on June 27, 2019.

---

[1] Appellant/Father initially filed his Notice of Appeal on June 18, 2020 on the custody docket in the Office of the York County Prothonotary and then filed another Notice of Appeal on June 19, 2020 on the support docket in the Domestic Relations Section.

The Statement filed by Appellant/Father fails to cogently articulate any error by the Court. The Superior Court has previously held that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001). "Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (stating that the "failure to comply with the minimal requirements of 1925(b) will result in automatic waiver of the issues raised").

It appears that the issues raised in Appellant/Father's Statement pertain to his displeasure with President Judge Adams's prior decisions in the custody action reaching back to 2017, his current dissatisfaction with the stipulated order for custody entered June 27, 2019, and the undersigned judge's inability to address his complaints in the custody action on *de novo* review of the support action. Therefore, we believe the appeal should be quashed for failure to identify an error by the Court pursuant to 1925(b) or, in the alternative, the

3

Superior Court could find that the issues have been waived. [2]

## FACTS AND PROCEDURAL HISTORY

An Order was entered on June 19, 2019 directing Appellee/Mother to pay support to Appellant/Father for the party's minor son, N.D. The Order was entered in consideration of the split custody arrangement of the parties where Appellant/Father has custody of N.D. for which Appellee/Mother owes support was offset by Appellant/Father's obligation to Appellee/Mother for M.D. The other conditions provision on page 2 of the Order specifically indicates that "psychological expenses are to be included in medical split."

---

[2] *S.S. v. T. J.*, 212 A.3d 1026, (Pa.Super. 2019), provides: A concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)). Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). See also Commonwealth v. Lopata, 754 A.2d 685, 689 (Pa. Super. 2000) (stating that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal").

4

The custodial parent was entitled to a proportionate share of unreimbursed medical expenses that exceed $250 per year. The Order directed 46% thereafter paid by Appellant/Father and 54% to Appellee/Mother. The Order was not appealed and both parties were represented by counsel.

The parties entered into a stipulation for custody which was incorporated into an order of court on June 27, 2019. The custody stipulation, *inter alia*, granted power to make major decisions regarding mental health treatments for M.D. to Appellee/Mother and power to make major decisions regarding mental health treatments for his sibling, N.D., to Father.[3]

On January 27, 2020 and March 16, 2020 Appellee/Mother filed requests for medical enforcement for all medical expenses incurred on behalf of M.D. in 2019, including mental health treatment. A conference was held on March 20, 2020 and an Order was entered by the Domestic Relations Section of York County directing Appellant/Father to reimburse Appellee/Mother for his share of the medical costs. Appellant/Father timely filed a request for

---

[3] Although Appellant/Father has filed two prior appeals in the custody matter, each was quashed and neither was challenging the custody Order entered June 27, 2019.

5

hearing de novo on April 8, 2020, indicating, in part, that he did not believe he should be responsible for M.D.'s expenses for which he "had no say in."

A hearing was scheduled before this Court on May 21, 2020. On that date, both parties appeared by Alternative Communication Technology (ACT) and a hearing was held on the record.[4] At the time of the hearing, Appellant/Father indicated that he did not agree with M.D. receiving treatment and "psychotropic medication", stating "I didn't agree to this counseling," and sought to argue against the terms of the stipulated custody order. This Court repeatedly informed Appellant/Father that we were unable to address custody matters during a support hearing and that the only matter before the Court was medical reimbursement. The Court dictated its decision in the Order entered on that date.

Appellant/Father filed his Notice of Appeal and Concise Statement of Matters and request for transcript on June 19, 2020 on the support docket.

---

[4] Pursuant to the Pennsylvania Supreme Court directive, the York County court purchased licenses to permit participation in non-emergency matters by alternative communication technology, namely Zoom video conferencing. Both parties timely participated in the proceeding and additional time was afforded to Appellant to appropriately connect to the hearing so he could participate.

6

## DISCUSSION

On appeal Appellant/Father raises claims of bias by two York County Common Pleas judges, the harm that the custody order has allegedly caused to his three children, and his disagreement with the mental health treatment provided to M.D. An appellant waives a claim of error on appeal where the appellant provides only a bald assertion of error unsupported by citation to legal authority. Pa. R.A.P. 1925(b)(4)(ii)[5]; *Collins v. Cooper*, 2000 PA Super 22, 746 A.2d 615, 619 (Pa. Super. 2000).

In this case, Appellant/Father filed a Concise Statement of Matters which provides only a numbered list of "errors" related to the custody action. He fails to state any cognizable error by the Court as it relates to the matter which was actually before the Court on May 21, 2020. Appellant/Father provided no evidence that the medical bills presented were invalid or merely cosmetic in nature. We submit that Appellant/Father has waived any viable claims based upon his failure to address relevant issues at the time of the hearing. Furthermore, this Court requests that the Superior Court quash the

---

[5] Pa. R.A.P. 1925(b)(4)(ii) - The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.

instant appeal based upon Appellant/Father's failure to comply Pa. R.A.P. 1925(b)(4) for failing to file a concise statement which identifies any error of law by the Court. In the event that the Superior Court does not quash or find waiver, we respond as follows.

**Appellant/Father's Statement of Matters Complained Of**

Appellant/Father's first issue alleges gender insensitivity and male bias by the Court. The Court acknowledges stating that Appellant/Father's statement in his request for de novo about being "a strong male role model to a teenage boy was taken away by the court" was irrelevant to the issues before it.

The record will reflect that the Court was merely noting that argument was not a basis for excusing the obligation of Appellant/Father. At no time did the Court laugh at or mock the Appellant/Father, nor was the Court sarcastic or degrading toward Father or men in general. To the contrary, the Court, at all times, engaged in a respectful exchange with the parties in an effort to keep them focused on the issue pending before the Court. While acknowledging the concerns expressed by Father, we patiently attempted to redirect Father to the focus of the proceedings. The decision was based solely

8

on the evidence before the Court, which supported reimbursement to the parent that incurred the expense, without regard to gender.

Appellant/Father's second issue on appeal is that he believes that the undersigned was unprepared for the de novo hearing for medical enforcement because we did not review three years of orders and motions from the custody action.[6] The only matter before this Court on May 21, 2020 was medical enforcement for treatments received by M.D. from January 3, 2019 through December 21, 2019, therefore, the only relevant records to the proceeding were the support orders in effect at the time the expenses were incurred, the two filings for medical enforcement, and the related evidence of incurred medical expenses. At the time of the hearing, Appellant/Father did not challenge the authenticity or validity of the medical expenses, but argued that he did not want to be responsible for the Child's expenses because he did not state his consent to the therapy treatments and medications. Appellant/Father's efforts to rehash custody issues resulted in his failure to

---

[6] The parties have been quite litigious in the related custody case, with several orders entered by stipulation or after a hearing. The Court has entered orders addressing custodial rights on June 19, 2017, September 11, 2017, April 24, 2018, October 23, 2018 and June 27, 2019. Father did file an appeal of the June 19, 2017 order that was subsequently withdrawn.

9

present relevant evidence to support that the medical reimbursement for M.D.'s mental health treatment was improper or that any of the treatments or medical bills were cosmetic or otherwise unnecessary.[7]

Upon review of the stipulated order for custody entered in the matter docketed to 2015-FC-000166-03, the parties agreed that the power to make major decisions regarding M.D. would lie with Appellee/Mother and power to make major decisions regarding N.D. to would lie with Father.[8] The remainder of the statement addresses issues of custody which are not properly raised in a support hearing.

Appellant/Father's third issue on appeal asserts that this Court directed him to pay "all medical expenses for his son." This is not the correct.

---

[7] Pa. R.C.P. 1910.16-6(c) indicates that psychological services are not included unless specifically directed in the order of court. The Order for support entered on June 19, 2019 specifically provides on page 3 that "psychological expenses are to be included in medical split."

[8] We note that the stipulation was entered by the parties the day prior to the scheduled custody trial date. Both parties had the benefit of counsel in entering the agreement. Appellant/Father was represented by Kristopher Smull, Esquire and Appellee/Mother was represented by David Schanbacher, Esquire. The prior stipulated order from April 24, 2018, gave Mother the primary responsibility for making any counseling and therapeutic decisions for N.D.

10

Appellee/Mother is required to pay the first $250 each year for M.D. before allocating the unreimbursed expenses to the parties. Then Appellant/Father is required to pay his proportionate share of the medical expenses calculated at 42% for expenses incurred prior to June 9, 2019 when D.D. became emancipated, and at 46% for expenses incurred thereafter. The remainder of the statement addresses issues of custody which are not properly raised in a support hearing.

Appellant/Father's fourth statement on appeal takes issue with the undersigned stating that he is "upset with the custodial arrangement." The Court acknowledges that was its interpretation of Appellant/Father's feelings, but the statement had no bearing on the ultimate outcome of the case. The trial Court agrees with Appellant/Father's statement that "the custody arrangement is essentially irrelevant."

Finally, the Court suggests that the "Additional Background" portion of Appellant/Father's statement should be stricken for failure to comply with the "concise statement" requirements of 1925(b).[9]

---

[9] *See* Footnote 2, *supra.*

We respectfully request that that appeal be quashed for failure to articulate an error by the Court and waiver of claims at the underlying hearing. In the event that the Superior Court is unwilling to quash the appeal or find waiver, we respectfully request that Order of May 21, 2020 be affirmed for the reasons stated therein and as supplemented by the above.

A copy of this Opinion shall be served on the parties in accordance with the law.

BY THE COURT,

ANDREA MARCECA STRONG, JUDGE

JUDICIAL CENTER
YORK, PA
2020 JUL 16 PM 2: 15